*Decision will be entered under Rule 50.*

LAURENCE ARNOLD TANZER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81355.   Promulgated February 1, 1938.

*John W. Townsend, Esq.*, for the petitioner.
*Daniel A. Taylor, Esq.*, for the respondent.

OPINION.

KERN: Since no question is raised by respondent as to the validity of the gift of the securities to petitioner from his wife, the sole question is whether the gift of the securities in question and their ultimate sale by petitioner constituted a transaction entered into for profit within the meaning of section 23 (e) (2) of the Revenue Act of 1932, set out in the margin.[1] Other sections of the Revenue Act of 1932 which are pertinent to the decision in this case, to wit, sections 113 (a) (2), 101 (b), 101 (c) (2), 101 (c) (6), 101 (c) (8), 101 (c) (8)) (B), and 111 (a), are also set out in the margin.[2]

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(e) LOSSES BY INDIVIDUALS.—Subject to the limitations provided in subsection (r) of this section, in the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

\* \* \* \* \* \* \*

(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or

\* \* \* \* \* \* \*

[2] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

\* \* \* \* \* \* \*

(2) GIFTS AFTER DECEMBER 31, 1920.—If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift. If the facts necessary to determine such basis are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis shall be the fair market value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information that the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner.

SEC. 101. CAPITAL NET GAINS AND LOSSES.

\* \* \* \* \* \* \*

(b) TAX IN CASE OF CAPITAL NET LOSS.—In the case of any taxpayer, other than a corporation, who for any taxable year sustains a capital net loss (as hereinafter defined in this section), there shall be levied, collected, and paid, in lieu of all other taxes imposed by this title, a tax determined as follows: a partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner as if this section had not been enacted, and the total tax shall be this amount minus 12½ per centum of the capital net loss; but in no case shall the tax of a taxpayer who has sustained a capital net loss be less than the tax computed without regard to the provisions of this section.

Where ordinary investment property is acquired by gift from a donor who has purchased it as an investment, and this property is later sold by the donee, the ultimate sale by the donee is part of a transaction entered into for profit unless the conduct of the donee furnishes evidence to the contrary. Vol. 3, Paul and Mertens, Law of Federal Income Taxation, p. 279, par. 26.49. The original acquisition of the property later becoming the subject of the gift was for investment reasons, the purpose being to obtain a satisfactory return on the money invested, together with an assured repayment of the money or a subsequent sale of the property at a profit, and is therefore to be regarded as a transaction entered into for profit. *R. W. Hale*, 32 B. T. A. 356; affd., 85 Fed. (2d) 819. Where the subsequent sale is made by the donee, it has been considered by Congress as a part of a transaction begun by the original acquisition of the property by the donor and in the Revenue Acts from 1921 to 1932, inclusive, the basis for determining gain or loss from the sale of the property by the donee has been the same as it would have been in the hands of the donor, i. e., the cost to the donor. Because of the fact that such provision of the revenue acts applied to the determination of both gain and loss on the part of the donee, and not to gain alone, and gifts and subsequent sales by the donee were made similar to the one involved in the instant case, the Revenue Acts of 1934 and subsequent years provide that in determining loss to the donee the basis shall be either that provided for in prior revenue acts or the fair market value of the property at the time of the gift, whichever is lower. Sec. 113 (a) (2), Revenue Act of 1934; Report of the Senate Committee on Finance on the Revenue Act of 1934, p. 33.

(c) DEFINITIONS.—For the purposes of this title—

\* \* \* \* \* \* \*

(2) "Capital loss" means deductible loss resulting from the sale or exchange of capital assets.

\* \* \* \* \* \* \*

(6) "Capital net loss" means the excess of the sum of the capital losses plus the capital deductions over the total amount of capital gain.

\* \* \* \* \* \* \*

(8) "Capital assets" means property held by the taxpayer for more than two years (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale in the course of his trade or business. For the purposes of this definition—

\* \* \* \* \* \* \*

(B) In determining the period for which the taxpayer has held property however acquired there shall be included the period for which such property was held by any other person, if under the provisions of section 113, such property has, for the purpose of determining gain or loss from a sale or exchange, the same basis in whole or in part in his hands as it would have in the hands of such other person.

SEC. 111. DETERMINATION OF AMOUNT OF GAIN OR LOSS.

(a) COMPUTATION OF GAIN OR LOSS.—Except as hereinafter provided in this section, the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113 (b), and the loss shall be the excess of such basis over the amount realized.

Since the original acquisition of investment property by the donor is a transaction entered into for profit, and since under the Revenue Act of 1932 the basis for determining gain or loss from a sale by the donee would be the same as it would have been to the donor, we must conclude that Congress intended to treat the sale of property by the donee as part of a transaction begun by its purchase by the donor; therefore, we must conclude that a sale of such property by the donee is a transaction entered into for profit. On the other hand, where the property acquired by gift or inheritance is not ordinary investment property but was acquired by both donor and donee for personal use or enjoyment, and there was no thought at the time of its acquisition by either of its ultimate disposition, the sale of such property by the donee made long after its acquisition is not part of a transaction entered into for profit. *Juliet P. Hamilton*, 25 B. T. A. 1317. In the instant case the property acquired consisted of investment securities, originally purchased by petitioner's wife as an investment, which the donee at the time of acquisition expected ultimately to sell and did sell a short time thereafter. Therefore, the transaction must be considered as one entered into for profit even though one of the purposes motivating the donor in making a gift of such property and the donee in accepting and subsequently selling the property given was to make available to the donee a capital loss for income tax purposes.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*